UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JGB PROPS., LLC,

                              Plaintiff,

v.                                               5:14-CV-1542
                                                 (GTS/ATB)
IRONWOOD, LLC; and STEELWAY
REALTY CORP.,

                              Defendants.
_____

APPEARANCES:                                     OF COUNSEL:

SLOVER & LOFTUS                                  FRANK J. PERGOLIZZI, ESQ.
  Counsel for Plaintiff                          PETER A. PFOHL, ESQ.
1224 Seventeenth Street NW
Washington, DC 20036

CAMARDO LAW FIRM, P.C.                           JOSEPH A. CAMARDO, JR.
  Co-Counsel for Plaintiff
127 Genesee Street
Auburn, NY 13021

HANCOCK ESTABROOK, LLP                           DAVID G. LINGER, ESQ.
  Counsel for Defendants                         JAMES P. YOUNGS, ESQ.
1500 AXA Tower I
100 Madison Street
Syracuse, NY 13202

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently pending before the Court, in this action for declaratory and injunctive relief

filed by JGB Properties, LLC ("Plaintiff") against Ironwood, LLC, and Steelway Realty

Corporation ("Defendants"), are the following four motions: (1) Defendants' motion *in limine* to

exclude the hearing testimony of Plaintiff's expert witness, John F. Betak (Dkt. No. 31); (2)

Plaintiff's motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65 (Dkt. No. 2); (3)

Defendants' motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P.

12(b)(1) and/or for failure to state a claim upon which relief can be granted pursuant to Fed. R.

Civ. P. 12(b)(6) (Dkt. No. 11); and (4) Defendants' motion for sanctions pursuant to Fed. R. Civ.

P. 11(b) and their letter-motion for the Court to consider their Fed. R. Civ. P. 12 reply

memorandum of law in deciding their motion for sanctions (Dkt. Nos. 34, 38).  For the reasons

set forth below, Defendants' motion *in limine* is granted; Plaintiff's motion for a preliminary

injunction is denied; Defendants' motion to dismiss is granted; and, while Defendants' letter-

motion for the Court to consider their Fed. R. Civ. P. 12 reply memorandum of law (in deciding

their motion for sanctions) is granted, their motion for sanctions is denied.

## I.     RELEVANT BACKGROUND

### A.     Summary of Plaintiff's Complaint

Liberally construed, Plaintiff's Complaint alleges that Defendants are wrongfully

pursuing an action against Plaintiff for declaratory relief and damages (arising from Plaintiff's

alleged unlawful interference with Defendants' railroad easement by inappropriately removing

railroad tracks from that easement) in New York State Supreme Court, Onondaga County,[1]

which has wrongfully issued judgments awarding Defendants compensatory damages of

$195,763.22 and punitive damages of $300,381.50,[2] despite the fact that it does not have subject-

---

[1]     This New York State court action, commenced on August 18, 2009, is *Ironwood, LLC v. JGB Props., LLC*, Index No. 2009-5776 / RJ No. 33-09-3858 (N.Y. Sup. Ct., Onondaga Cnty.).  (Dkt. No. 1, at ¶ 20.)

[2]     These Judgments were issued on July 25, 2013, and March 27, 2014.  (Dkt. No. 1, at ¶ 27.)

matter jurisdiction over the action because the Interstate Commerce Commission Termination Act of 1995, 49 U.S.C. § 10101 *et seq.* ("ICCTA"), vests exclusive jurisdiction over "the construction, acquisition, operation, abandonment or discontinuance of . . . [certain types of tracks] or facilities" in the Surface Transportation Board ("STB"), in which a parallel proceeding is currently pending.[3] (Dkt. No. 1.)

Generally, based on these allegations, the Complaint asserts three claims against Defendants: (1) a claim for a judgment declaring that the New York State Supreme Court, Onondaga County, lacks subject-matter jurisdiction over Defendants' pending action; (2) a claim for a preliminary injunction enjoining Defendants from pursuing further state court relief and/or enforcing state court judgments that relate to the issues currently pending before the STB, and staying any such actions pending the STB's rulings on Plaintiff's petition; and (3) a claim for a permanent injunction enjoining Defendants from enforcing, or attempting to enforce, any state court judgment that is inconsistent with the STB's rulings in Plaintiff's currently pending action there. (*Id.*)

## B.    Summary of Parties' Arguments on Pending Motions

### 1.    Defendants' Motion *in Limine* to Exclude Expert Testimony

Generally, in their memorandum of law in chief, Defendants argue as follows: (1) to the extent that Dr. John F. Betak's testimony includes a description of the railroad lines, operations, and facilities in the subject area (as stated in Part I.1. of Plaintiff's witness list), that testimony is not admissible pursuant to Fed. R. Evid. 402 because it is irrelevant to the issues now before the

_____

[3]      This STB proceeding, commenced by Plaintiff on April 8, 2014, is *JGB Props., LLC–Petition for Declaratory Order–Woodward Indus. R.R. Operations.*, STB Finance Docket No. FD 35817.  (Dkt. No. 1, at ¶¶ 6, 41.)

Court (in that it was repeatedly rejected by the state court and, in any event, is barred from consideration by the doctrines of claim preclusion and/or issue preclusion); and (2) to the extent that Dr. Betak intends to offer testimony on the nature of the pending proceeding before the STB (as stated in Part I.1. of Plaintiff's witness list), that subject is a question of law on which the Court needs no expert opinion (especially given the record evidence of the parties' claims before the STB) and on which Dr. Betak is not qualified to opine. (Dkt. No. 31.)

Generally, in its opposition memorandum of law, Plaintiff argues as follows: (1) Defendants are incorrect in stating that the issues upon which Dr. Betak testified were conclusively decided in prior New York State Court between Plaintiff and Defendants (and, indeed, address the critical separate inquiry that should have been answered before any railroad track was constructed on the easement, namely, whether Defendants had a legal right to construct a common carrier railroad on that easement); (2) Dr. Betak's testimony concerning his STB submissions is relevant to this Court's understanding of the issues presented (specifically, how the issues before the STB differ from the issues before, and decided by, the state court); (3) Dr. Betak's testimony that the subject rail track was a common carrier track, and that the rail property was in such a state of disrepair that it was his opinion it had been constructively abandoned, should not be barred as legal opinions; and (4) Defendants' late-filed motion should be denied because Defendants were afforded a full opportunity to cross-examine Dr. Betak at the hearing and thus the denial of the motion will not prejudice Defendants' interests. (Dkt. No. 29.)

### 2. Plaintiff's Motion for a Preliminary Injunction

Generally, in its memorandum of law in chief, Plaintiff argues as follows: (1) this Court has the authority to issue the requested injunctive relief because the Court's jurisdiction is

concurrent with that of the STB under 49 U.S.C. § 10502; (2) Plaintiff satisfies the preliminary injunction requirements because (a) it is likely to succeed on the merits (in that it has a substantial likelihood of prevailing on its claim that the STB has exclusive jurisdiction to determine the underlying issue of whether the rail line was unauthorized or *de facto* abandoned), (b) it will suffer irreparable harm absent the issuance of injunctive relief (in that it will continue to be "subjected to a protracted state court process before a body lacking in jurisdiction" and it will be deprived of the "right to obtain expert agency relief"), and (c) the public interest weighs in favor of granting injunctive relief (in that the public has a strong interest in having a comprehensive federal regime for considering rail line construction, and in having uniformity of standards governing rail issues and operations); (3) the requested relief is permitted by the Anti-Injunction Act and All Writs Act because (a) an injunction is authorized by the ICCTA, and (b) an injunction is necessary in aid of the Court's jurisdiction; and (4) the Court should dispense with the bond requirement, because (a) the underlying judgments are already secured by more than $500,000 in cash undertakings, and (b) the injunction is necessary to preserve the court's jurisdiction. (Dkt. No. 2, Attach. 5 [Plf.'s Memo. of Law].)

Generally, in their opposition memorandum of law, Defendants argue as follows: (1) Plaintiff's Complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1), and there is no likelihood that it will succeed on the merits, because (a) the Complaint is barred by the *Rooker-Feldman* doctrine, (b) the Complaint is precluded in its entirety by the doctrines of *res judicata* and collateral estoppel in light of New York State court's prior judgments and decisions governing the subject of this suit, (c) the Court should abstain from considering Plaintiff's Complaint under the *Younger* doctrine (given that the New York State courts have provided

an adequate venue for all of Plaintiff's constitutional arguments), (d) the Complaint, by seeking permanent injunctive relief, is barred by the Anti-Injunction Act, and (e) Plaintiff's Petition before the STB is irrelevant to a determination of its motion for a preliminary injunction and will in any event be denied; (2) Plaintiff will not suffer irreparable harm without a preliminary injunction because, even if it loses in state court, it will merely suffer a monetary loss easily compensable by money damages; and (3) equity and public policy dictate that the Court deny Plaintiff's motion for a preliminary injunction because (a) Plaintiff egregiously destroyed the railroad line and interfered with Defendants' easement rights, and (b) Plaintiff's aim in all of this is to use the ICCTA perversely to *deny* rail service and to *limit* railroad transportation. (Dkt. No. 16 [Defs.' Opp'n Memo. of Law].)

Generally, in its reply memorandum of law, Plaintiff argues as follows: (1) Defendants do not dispute that the Court has authority to issue the requested relief, and their usurpation-of-state-court-jurisdiction-argument is diversionary and baseless; (2) Defendants provide no credible arguments against the granting of injunctive relief, because (a) Plaintiff is likely to succeed on the merits (in that Defendants' lack-of-subject-matter-jurisdiction arguments and *res judicata* and collateral estoppel arguments are wholly without merit), (b) Plaintiff will suffer irreparable harm absent the issuance of injunctive relief (in that in it will be denied its right to pursue its claim under the ICCTA before the appropriate entity, the STB, in the first instance), and (c) the public interest weighs in favor of granting injunctive relief (for the reasons Plaintiff stated in its memorandum of law in chief); and (3) Defendants' other opposing arguments are unavailing because (a) they completely ignore the All Writs Act, (b) their arguments regarding the Anti-Injunction Act are weak and irrelevant, and (c) their *Rooker-Feldman* and *Younger*

arguments are unavailing (in that the Anti-Injunction Act and ICCTA provide a statutory restraint on the use of both doctrines, Plaintiff is not seeking appellate review for purposes of the *Rooker-Feldman* doctrine, and there is no state interest at stake for purposes of the *Younger* doctrine). (Dkt. No. 21 [Plf.'s Reply Memo. of Law].)

On February 11, 2015, the Court held a hearing on Plaintiff's motion, during which Plaintiff adduced the testimony of its expert witness (Dr. John F. Betak, Ph.D.), the parties submitted hearing exhibits, and counsel for the parties offered oral argument on the motion (in which they elaborated on various of their above-described arguments). (Dkt. No. 28 [Hrg. Tr.]; Hrg. Exs.)

### 3. Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction and/or for Failure to State a Claim

Generally, in their memorandum of law in chief, Defendants argue as follows: (1) the Court lacks subject-matter jurisdiction over the Complaint under 28 U.S.C. § 1257 and the *Rooker-Feldman* doctrine, because the Complaint constitutes an appeal from unfavorable state court judgments and orders; (2) in the alternative, the Complaint is precluded by the disposition of the state court litigation, pursuant to 28 U.S.C. § 1738 (also known as the Full Faith and Credit Act) and the doctrines of *res judicata* and/or collateral estoppel; (3) again in the alternative, the Court must abstain from considering the Complaint under the *Younger* doctrine, because the state courts provided an adequate forum for consideration of Plaintiff's preemption argument; (4) again in the alternative, the Complaint is barred by the Anti-Injunction Act, because (a) a federal injunction of state court proceedings is not expressly authorized by the ICCTA (given both the language and legislative history of the ICCTA), and (b) an injunction is not "necessary in aid of" the Court's jurisdiction (given that the Court has not acquired

7

jurisdiction over disposition of real property); and (5) the All Writs Act (which is relied on by Plaintiff in its motion for a preliminary injunction) does not raise an issue separate from that raised by the Anti-Injunction Act, because the Anti-Injunction Act is a limitation on the authority granted federal courts by the All Writs Act to issue injunctions generally. (Dkt. No. 11, Attach. 1 [Defs.' Memo. of Law].)

Generally, in its opposition memorandum of law, Plaintiff argues as follows: (1) the Court has subject-matter jurisdiction over Plaintiff's Complaint because the injunctive relief requested therein is authorized by the ICCTA (which confers on this Court concurrent jurisdiction to determine the matters raised in Plaintiff's STB Petition), the Anti-Injunction Act (whose predecessor, the Interstate Commerce Act, authorizes this action and renders the injunction necessary to aid the Court's jurisdiction) and the All Writs Act (which was "completely ignored" by Defendants); (2) Plaintiff has stated claims upon which relief can be granted under the ICCTA; (3) Defendants' *res judicata* and collateral-estoppel arguments are unavailing, because (a) this federal court action does not involve the same cause of action as the state court action, (b) any issues decided in the state courts pertaining to preemption were "secondary or incidental" to Defendants' claims there, and (c) in any event, Congress did not intend to give state court determinations *res judicata* or collateral estoppel effect over railroad matters; (4) Defendants' *Rooker-Feldman* arguments are unavailing, because (a) Plaintiff is not seeking appellate review of any issue that was properly addressed and decided by the state court, (b) a key rationale underlying the doctrine (i.e., that state courts are as competent as federal courts to decide federal constitutional issues) does not apply in this case, and (c) the doctrine has been significantly diluted over recent years; and (5) Defendants' *Younger* arguments are

8

unavailing, because (a) the doctrine applies only if important state interests are involved (which is not the case here), (b) the doctrine applies to only a limited number of state court civil proceedings (none of which is present here), and (c) the state court proceedings did not offer the parties an adequate opportunity to raise the claims currently before the STB. (Dkt. No. 30 [Plf.'s Opp'n Memo. of Law].)

Generally, in their reply memorandum of law, Defendants argue as follows: (1) Plaintiff fails to provide any authority for either precluding application of the *Rooker-Feldman* doctrine or demonstrating subject-matter jurisdiction in this case, because (a) Plaintiff's argument that it is not asking for a rejection of any state court judgment is undermined by its request in its Complaint that the Court "[e]nter judgment declaring that the State Court judgments . . . are invalid and unenforceable" (*see* Dkt. No. 1, at 16, ¶ C), and (b) under the circumstances, the ICCTA does not provide a distinct federal claim that is unrelated to the state court proceeding; (2) Plaintiff acknowledges that the state court decisions and judgments must be given preclusive effect, and fails to address the consequences of preclusion in this case; (3) Plaintiff fails to provide any authority supporting its assertion that this Court may enjoin state court proceedings (under the ICCTA) despite the prohibition of the Anti-Injunction Act (but cites only a Fifth Circuit case from 1969 that applies dead-letter law); and (4) Plaintiff fails to explain how the state court exceeded its authority or otherwise failed to offer Plaintiff a full opportunity to raise all federal issues as contemplated in the *Younger* doctrine. (Dkt. No. 32 [Defs.' Reply Memo. of Law].)

### 4.     Defendants' Motion for Sanctions

Generally, in their memorandum of law in chief, Defendants argue as follows: (1) Plaintiff's Complaint and motion for a preliminary judgment violate Fed. R. Civ. P. 11(b)(2) because Plaintiff's claims and legal contentions are not warranted by existing law in that (a) its claims are facially violative of the *Rooker-Feldman* doctrine, (b) this lawsuit is barred by the prior state court judgments, which are accorded preclusive and *res judicata* effect in this Court, and (c) there is no basis for Plaintiff's assertion that the ICCTA provides a statutory or jurisdictional exception to the Anti-Injunction Act; and (2) Plaintiff and its counsel have violated Fed. R. Civ. P. 11(b)(1) because this lawsuit was brought for the improper purpose of harassing Ironwood and subjecting it to persistent vexatious litigation and legal costs.  (Dkt. No. 34, Attach. 4 [Defs.' Memo. of Law].)  As relief, Defendants request "no less than the cost of legal fees incurred in bringing its motion to dismiss the frivolous suit, opposing JGB's baseless application for a preliminary injunction, and in bringing the instant motion, together with such other relief and monetary sanctions as the Court deems appropriate."  (*Id*. at 21 [attaching page "17" of Defs.' Memo. of Law].)

Generally, in its opposition memorandum of law, Plaintiff argues as follows: (1) Plaintiff's Complaint and motion for preliminary injunction are warranted by existing law and are non-frivolous under Fed. R. Civ. P. 11(b)(2) in that (a) Plaintiff has well-founded arguments that its claims are not barred by the *Rooker-Feldman* doctrine, (b) the prior state court judgments did not address the issues before the STB and cannot be considered *res judicata*, and (c) Defendants' anti-injunction argument is also unavailing; (2) Plaintiff's Complaint and motion for preliminary injunction are brought for a proper purpose under Fed. R. Civ. P. 11(b)(1), as

previously recognized by state courts, and in contradiction to Defendants' clear

mischaracterization of the record; and (3) it was *Defendants' motion* that was brought for an

improper purpose, because it is duplicative of past filings and brought to advance Defendants'

legal position, in violation of Fed. R. Civ. P. 11.  (Dkt. No. 37 [Plf.'s Opp'n Memo. of Law].)

Finally, in a letter-motion, Defendants request that, in considering their motion for

sanctions, the Court consider their reply memorandum of law on their motion to dismiss.  (Dkt.

No. 38 [Defs.' Letter-Motion].)

## II.     GOVERNING LAW

### A.     Defendants' Motion *in Limine* to Exclude Expert Testimony

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony.

Specifically, the rule provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience,
> training, or education may testify in the form of an opinion or otherwise if:
>
> **(a)** the expert's scientific, technical, or other specialized knowledge will
> help the trier of fact to understand the evidence or to determine a fact in
> issue;
>
> **(b)** the testimony is based on sufficient facts or data;
>
> **(c)** the testimony is the product of reliable principles and methods; and
>
> **(d)** the expert has reliably applied the principles and methods to the facts
> of the case.

Fed. R. Evid. 702.

### B.     Plaintiff's Motion for a Preliminary Injunction

Generally, the issuance of a preliminary injunction pursuant to Fed. R. Civ. P. 65

depends on the movant's demonstration of (1) irreparable harm and (2) either (a) a likelihood of

success on the merits or (b) a sufficiently serious question as to the merits of the case to make it a fair ground for litigation and a balance of hardships tipping decidedly in its favor. *Tom Doherty Assoc., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 33 (2d Cir. 1995).

Irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction," and "[i]n the absence of a showing of irreparable harm, a motion for a preliminary injunction should be denied." *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 233-34 (2d Cir.1999) (internal quotation marks and citation omitted). "Irreparable harm is an injury that is not remote or speculative but actual and imminent, and 'for which a monetary award cannot be adequate compensation.'" *Tom Doherty Assocs.*, 60 F.3d at 37 (quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 [2d Cir.1979]).

Because the parties have demonstrated in the memoranda of law an adequate understanding of this legal standard, the Court need not, and does not, further elaborate on this legal standard in this Decision and Order, which is intended primarily for the review of the parties.

### C.     Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction and/or for Failure to State a Claim

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). On a motion requesting dismissal on such grounds, the court must accept all factual allegations in the complaint as true. *Jaghory v. New York State Dept. of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). However, the court may look to evidence outside of the pleadings.

12

*Makarova*, 201 F.3d at 113. While the plaintiff bears the burden of proof by a preponderance of the evidence, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Makarova*, 201 F.3d at 113; *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

Turning to the standard governing motions to dismiss for failure to state a claim, the Court will not repeat that well-known legal standard. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rather, the Court will merely highlight two related points of law.

First, generally, a dismissal based on defenses such as collateral estoppel and *Younger* abstention is appropriate under Fed. R. Civ. P. 12(b)(6) rather than Fed. R. Civ. P. 12(b)(1) when it is clear from the face of the complaint that the defense bars the plaintiff's claims as a matter of law. *See, e.g., Conopco, Inc. v. Roll Intern'l*, 231 F.3d 82, 86-87 (2d Cir.2000).

Second, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the following matters outside the four corners of the complaint may be considered: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[4]

---

[4]     *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *Seale v. Madison Cnty.*, 929 F. Supp.2d 51, 64 & n.2 (N.D.N.Y. 2013) (Suddaby, J.) (collecting cases).

### III. ANALYSIS

#### A. Defendants' Motion *in Limine* to Exclude Expert Testimony

After carefully considering the matter, the Court grants Defendants' motion *in limine* for the reasons stated by Defendants in their motion papers and during oral argument.  *See, supra,* Part I.B.1. of this Decision and Order.  (*See also* Dkt. No. 28 [Hrg. Tr].)  The Court would add only that, even if the Court were to deny Defendants' motion and admit into evidence the expert testimony of Dr. Betak, the Court would reach the same conclusion as stated below in Part III.B. of this Decision and Order (regarding Plaintiff's motion).  This is because whether Defendants had a legal right to construct a common carrier railroad on the easement during the time in question is an issue separate from whether the easement, which was permanent and had been created by grant, remained valid at the time of Plaintiff's interference.  At most, Plaintiff's argument goes to a measure of damages, which was addressed (and rejected) by the Appellate Division, Fourth Department.

#### B. Plaintiff's Motion for a Preliminary Injunction

##### 1. Irreparable Harm

After carefully considering the matter, the Court finds that Plaintiff did not demonstrate that irreparable harm would result if the present motion is not granted, for the reasons stated by Defendants in their motion papers and during oral argument.  *See, supra,* Part I.B.2. of this Decision and Order.  (*See also* Dkt. No. 28 [Hrg. Tr].)  The Court would add only that, during oral argument, Plaintiff's counsel essentially admitted that the ultimate purpose of enabling Plaintiff to pursue its federal administrative proceeding to conclusion unhampered by the enforcement of the state court judgments is to relieve Plaintiff of the necessity of having to pay

to Defendants the damages awarded by the New York State court for unlawfully interfering with Defendants' easement. (Dkt. No. 28, at 38-43 [Hrg. Tr.].) Setting aside the questionable nature of Plaintiff's assumption that an STB ruling in Plaintiff's favor would justify a diminution in the damages awarded to Defendants in New York State court (give the ruling's lack of relevance to the rationales for those damages awards),[5] a judicial remedy appears available for Plaintiff to recover any such improperly paid damages, rendering a monetary award adequate.[6]

### 2. Likelihood of Success on the Merits

Having concluded that Plaintiff has failed to demonstrate irreparable harm, the Court need not, and does not, decide whether Plaintiff has demonstrated either (a) a likelihood of success on the merits or (b) a sufficiently serious question as to the merits of the case to make it a fair ground for litigation and a balance of hardships tipping decidedly in its favor. However, for the purpose of thoroughness on appellate review, the Court finds it is appropriate to render the following alternative findings.

---

[5] In awarding the damages, the New York State court considered (1) "the cost to reinstall the railroad spur less the cost which would have been incurred to return the easement (railroad spur) to a serviceable condition," as well as (2) the "malicious" nature of the current-Plaintiff's interference (given its prior notice of the current-Defendants' objection to the removal of the railroad tracks) and the amount of the current-Plaintiff's "net worth." (*See, e.g.,* Dkt. No. 12, Attach. 5; Dkt. No. 12, Attach. 6; Dkt. No. 12, Attach. 7; Dkt. No. 12, Attach. 8; Dkt. No. 12, Attach. 9.)

[6] *See, e.g.,* N.Y. C.P.L.R. Rule 2221(e)(2) ("A motion for leave to renew . . . shall demonstrate that there has been a change in the law that would change the prior determination . . . ."); N.Y. C.P.L.R. Rule 5015(a) ("The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of: . . . newly-discovered evidence which, if introduced at the trial, would probably have produced a different result and which could not have been discovered in time to move for a new trial under section 4404; or . . . lack of jurisdiction to render the judgment or order . . . ."); N.Y. C.P.L.R. Rule 5015(d) ("Where a judgment or order is set aside or vacated, the court may direct and enforce restitution in like manner and subject to the same conditions as where a judgment is reversed or modified on appeal.").

After carefully considering the matter, the Court finds that Plaintiff did not demonstrate either of these things for the following reasons: (a) the action is barred by the *Rooker-Feldman* doctrine; (b) Plaintiff is precluded from relitigating the issue of preemption under the doctrine of collateral estoppel; (c) the Court should abstain from deciding Plaintiff's claims pursuant to the *Younger* abstention doctrine; and (d) the STB does not have exclusive jurisdiction over Defendants' state-court claims.

### a.     STB Jurisdiction

Taking the last ground first, Plaintiff argues that this Court should enjoin the enforcement of the New York State court judgments because the ICCTA expressly grants the STB exclusive jurisdiction over Defendants' state-court claims. As argued by Plaintiff, the relevant provision of the ICCTA states as follows:

> (b) The jurisdiction of the Board over--
>
>> (1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and
>>
>> (2) *the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities*, even if the tracks are located, or intended to be located, entirely in one State,
>
> is exclusive. Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.

49 U.S.C. § 10501(b)(1)(2) (emphasis added).

However, the New York State court exercised jurisdiction over Defendants' claims of Plaintiff's unlawful interference with their easement, not a claim regarding "the construction,

acquisition, operation, abandonment or discontinuance" of any type of "tracks[] or facilities"

under the ICCTA. Viewed from another perspective, Defendants' easement, which was created

by grant and was permanent, remained valid despite the fact that its purpose was for a railroad

line whose usage was, at the time, prohibited (whether by fact or by law).[7] The Court notes that

Plaintiff has adduced no evidence that the railroad line could not be brought back into

compliance at some future date through either an improvement in the railroad line or a change in

existing law (e.g., the implementation of magnetic levitation transit technology in the United

States). The Court notes also that Plaintiff has adduced no evidence that requiring it to remedy

the injury claimed by Defendants would have the effect of preventing or unreasonably interfering

with railroad transportation.

For these reasons alone, Plaintiff is unable to show a likelihood of success on the merits.

### b.    *Rooker-Feldman* **Doctrine**

In the alternative, Plaintiff cannot establish a likelihood of success on the merits because

its claims are barred by the *Rooker-Feldman* doctrine.

Generally, the *Rooker-Feldman* doctrine provides that a losing party in state court cannot

bring a claim in federal district court to review and reject a judgment by the state court. *See*

*Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005) (citing *Rooker v.*

*Fidelity Trust Co.*, 263 U.S. 413 [1923], and *District of Columbia Court of Appeals v. Feldman*,

460 U.S. 462 [1983]). The *Rooker-Feldman* doctrine extends to claims that are "inextricably

intertwined" with issues already settled in state court. *Bridgewater Operating Corp. v. Feldstein*,

---

[7]       (Dkt. No. 12, Attach. 3 [containing Right of Way Agreement, which describes a
"permanent right of way for a railroad spur track"].)

346 F.3d 27, 29 (2d Cir. 2003) (holding that the *Rooker-Feldman* doctrine bars any claim that directly implicates the propriety of a final judgment in state court). Claims brought in district court in violation of the *Rooker-Feldman* doctrine are properly dismissed for lack of subject-matter jurisdiction. *Exxon Mobile Corp.*, 544 U.S. at 284.

Here, an Order of this Court enjoining the enforcement of the final judgments in state court would directly implicate the propriety of those judgments. The Court notes that it is not persuaded by Plaintiff's argument that Congress (through the Anti-Injunction Act and/or ICCTA) has *specifically* authorized the Court to sit in direct review of the state court decisions in question. *Cf. Riffin v. Snyder,* 04-CV-2964, 2004 WL 3661337, at *1 (D. Md. Sept. 17, 2004) (applying *Rooker-Feldman* doctrine despite argument that ICCTA preempted state environmental law giving rise to state court action). Nor is the Court persuaded that the ICCTA satisfies the "in aid of jurisdiction" exception of the Anti-Injunction Act because of the preemptive effect of the ICCTA. *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 294 (1970) ("[F]ederal court does not have inherent power to ignore the limitations of [the Anti-Injunction Act] and to enjoin state court proceedings merely because those proceedings . . . invade an area preempted by federal law, even when the interference is unmistakably clear."). Nor is the Court persuaded that Plaintiff is not seeking what *in substance* would be appellate review of the state court judgments. *See Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) ("[U]nder . . . [the *Rooker-Feldman* doctrine] a party losing in state court is barred from seeking what *in substance* would be an appellate review of the state judgment in a United States District Court . . . .") (emphasis added).

### c.    Doctrine of Collateral Estoppel

Again in the alternative, Plaintiff cannot establish a likelihood of success on the merits because its litigation of the preemption issue is barred by the doctrine of collateral estoppel.

Generally, under New York law, the doctrine of collateral estoppel (or issue preclusion) has two essential elements: (1) "the identical issue necessarily must have been decided in the prior action and be decisive of the present action"; and (2) "the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination." *Jenkins v. City of New York*, 478 F.3d 76, 85 (2d Cir. 2007).[8]

Here, after receiving both briefing and oral argument on the issue, the New York State court expressly decided against Plaintiff, and in favor of Defendants, regarding Plaintiff's argument that the state court lacked subject-matter jurisdiction over Defendants' action because of the preemptive effect of the ICCTA; and the Appellate Division, Fourth Department affirmed that decision.  (Dkt. No. 13, Attach. 1, at 11-14 [attaching pages "8" through "11" of Supreme Court's Order of Jan. 21, 2014]; Dkt. No. 13, Attach. 2, at 2 [attaching Appellate Division's Order of Nov. 14, 2014, affirming Supreme Court's Order].)  The Court notes that it rejects Plaintiff's argument that state court decisions cannot have collateral estoppel effect over a determination of the preemptive effect of the ICCTA.  *See, e.g., B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.,* 531 F.3d 1282, 1303 (10th Cir. 2008) (holding that doctrine of collateral estoppel

---

[8]    Generally, under New York law, the doctrine of *res judicata* (or claim preclusion) has three elements: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action."  *Murtaugh v. New York*, 810 F. Supp. 2d 446, 485 (N.D.N.Y. 2011) (Suddaby, J.) (internal quotation marks omitted).

barred landowner's claim for declaratory judgment that ICCTA preempted state eminent domain statutes as applied to plant operator's condemnation of easement across landowner's property).

### d. *Younger* Abstention Doctrine

Finally, again in the alternative, Plaintiff cannot establish a likelihood of success on the merits because its claims are barred by the *Younger* abstention doctrine.

Generally, pursuant to *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), and its progeny, a federal district court does not have jurisdiction over an action seeking injunctive or declaratory relief where (1) "there is an ongoing state proceeding," (2) "an important state interest is implicated," and (3) "the plaintiff has an avenue open for review of constitutional claims in state court." *Parent v. N.Y.*, 485 F. App'x 500, 503 (2d Cir. 2012) (quoting *Liberty Mut. Ins. Co. v. Hurlbut*, 585 F.3d 639, 647 [2d Cir. 2009]). "In the typical *Younger* case, the federal plaintiff is a defendant in ongoing or threatened state court proceedings seeking to enjoin continuation of those state proceedings. Moreover, the basis for the federal relief claimed is generally available to the would-be federal plaintiff as a defense in the state proceedings." *Donohue v. Mangano*, 886 F. Supp. 2d 126, 144 (E.D.N.Y. 2012) (quoting *Crawley v. Hamilton Cnty. Comm'rs*, 744 F.2d 28, 30 [6th Cir. 1984]).

Here, the state-court proceedings are ongoing in that Plaintiff has sought leave to appeal to the New York State Court of Appeals. Moreover, an important state interest is implicated, namely, the ability of New York State courts to adjudicate the rights of owners of real property that is located within its jurisdiction. *See, e.g., Morpurgo v. Inc. Vill. of Sag Harbor*, 07-CV-1149, 2007 WL 3375224, at *14 (E.D.N.Y. Oct. 11, 2007) ("I find here that 'important' state interests are involved, namely, the ability of the state court to adjudicate the real property rights

of common tenants in, *inter alia*, partition actions."), *adopted in relevant part*, 2007 WL

3355582 (E.D.N.Y. Nov. 8, 2007), *aff'd in part and vacated on other grounds*, 327 F. App'x 284

(2d Cir. 2009); *Pritchard v. Alabama Power Co.*, 11-CV-0228, 2011 WL 3627381, at *2 (M.D.

Ala. July 28, 2011) ("Real property interests are important state interests.") (collecting cases).[9]

Finally, Plaintiff has an avenue open for review of constitutional claims in state court.

### C.     Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction and/or for Failure to State a Claim

After carefully considering the matter, the Court grants Defendants' motion to dismiss for

the reasons stated in their memoranda of law.  *See, supra,* Part I.B.3. of this Decision and Order.

In addition to those reasons, the Court relies on the same analysis set forth above in Part III.B.2.

of this Decision and Order.

### D.     Defendants' Motion for Sanctions

After carefully considering the matter, the Court denies Defendants' motion for

sanctions. While Plaintiff's Complaint and motion for preliminary injunction were lacking in

merit, they were not so clearly unwarranted by existing law as to be sanctionable pursuant to

Fed. R. Civ. P. 11(b)(2), especially when all doubts are resolved in Plaintiff's favor.  Moreover,

while the filing of Plaintiff's Complaint was certainly aggressive (and its central legal theory

---

[9]     Another important state interest is in ensuring compliance with court orders.  *See Grundstein v. Vermont*, 11-CV-0134, 2011 WL 6291955, at *4 (D. Vt. Dec. 15, 2011) ("As to an important state interest, not only is there such an interest in declaring real property rights in a partition action . . . but also in ensuring compliance with court orders."); *Hindu Temple Soc'y of N. Am. v. Supreme Court of the State of New York*, 335 F. Supp.2d 369, 372 (E.D.N.Y.2004) ("[A]t this stage of the state proceedings, after years of litigation in the state courts, the state's interest has broadened to include a strong interest in enforcing its judicial orders and judgments.").

imaginative), it was not so clearly brought for the purpose of harassing Defendants and needlessly increasing their litigation costs as to be sanctionable pursuant to Fed. R. Civ. P. 11(b)(1).

      **ACCORDINGLY**, it is

      **ORDERED** that Defendants' motion *in limine* to exclude the hearing testimony of Plaintiff's expert witness (Dkt. No. 31) is **<u>GRANTED</u>**; and it is further

      **ORDERED** that Plaintiff's motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65 (Dkt. No. 2) is **<u>DENIED</u>**; and it is further

      **ORDERED** that Defendants' motion to dismiss (Dkt. No. 11) is **<u>GRANTED</u>**; and it is further

      **ORDERED** that, while Defendants' letter-motion for the Court to consider Defendants' Fed. R. Civ. P. 12 reply memorandum of law (in deciding their motion for sanctions) (Dkt. No. 38) is **<u>GRANTED</u>**, their motion for sanctions pursuant to Fed. R. Civ. P. 11(b) (Dkt. No. 34) is **<u>DENIED</u>**; and it is further

      **ORDERED** that Plaintiff's Complaint is dismissed.  The Clerk is directed to enter judgment and close this case.

Dated: March 26, 2015
      Syracuse, New York

                                        Hon. Glenn T. Suddaby
                                        U.S. District Judge